IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JUSTIN L. WOOD,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 25-3150-JWL

**WICHITA POLICE DEPARTMENT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Justin L. Wood brings this pro se civil rights action alleging claims under multiple Constitutional provisions, federal statutes, and state statutes. (Doc. 1, p. 4.) The Court has considered Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) and his affidavit of financial status filed in support (Doc. 4) and will grant Plaintiff leave to proceed in forma pauperis. Plaintiff has also filed two additional motions, which will be denied for the reasons stated below. The Court has conducted the statutorily required review of the complaint in this matter and Plaintiff will be granted time in which to file a complete and proper amended complaint that cures the deficiencies identified below which leave this case subject to dismissal in its entirety.

**I. Nature of the Matter before the Court**

In an "Affidavit of Truth" filed with his complaint, Plaintiff explains that in 2022, he purchased some goats to eat grass at his home and to provide meat and milk for him and his family. (Doc. 5, p. 1.) At the time, he was unaware of any laws related to owning goats. *Id.* Not long after, officials from the City of Wichita ("the City") came to Plaintiff's property and informed him that he needed to purchase a license and obtain a permit from the City if he wanted to keep the goats. *Id.* Believing that the United States Constitution and opinions of the United States Supreme Court

1

mean that it is not a crime to keep the goats without a license or permit, Plaintiff obtained neither. *Id.* at 1-2.

On the night of February 12, 2023, while Plaintiff and his family were watching television, two police officers knocked on his door "to talk about the goats." *Id.* at 2. This encounter ended in Plaintiff being issued a citation and given a court date. *Id.* Plaintiff did not attend the court date, so a warrant was issued for his arrest. *Id.* at 3. On another occasion[1], police were called to Plaintiff's home and he was again arrested on a warrant "pertaining to the goats." *Id.* at 4. Plaintiff was taken into custody and was held for over 80 hours until his wife paid the required bond. *Id.*

Plaintiff is a self-employed carpenter. (Doc. 4, p. 2.) On November 10, 2023, Plaintiff was working at a customer's home, and his air compressor set off the home's alarm system. (Doc. 5, p. 3.) Two sheriff's deputies arrived at the home approximately 30 minutes later, confirmed with the homeowner that Plaintiff was there legitimately, and let him get back to work. *Id.* The deputies then ran Plaintiff's name, discovered he had an outstanding warrant, and arrested him. *Id.* They did not allow Plaintiff to put away his tools before arresting him, and they asked the homeowner for permission to tow Plaintiff's vehicle, which contained the rest of his work tools. *Id.* Plaintiff was taken to jail and was not allowed out until he paid a bond. *Id.* Plaintiff sold all of his goats shortly after this incident. *Id.*

On April 1, 2025, an Animal Services Officer came to Plaintiff's home and issued him multiple tickets for owning goats, for failure to license Plaintiff's two dogs, and for failure to provide paperwork for the dogs. *Id.* at 4. Plaintiff believes that the tickets and warrants violated his constitutional rights. *Id.* Plaintiff states that he went to court, and the attachments to the

---

[1] Plaintiff asserts that these events occurred "[o]n Friday April 21st." (Doc. 5, p. 4.) He does not indicate a year. The Court notes that April 21, 2025 was a Monday. April 21, 2023 was, however, a Friday. The year in which these events occurred remains unclear.

2

complaint in this matter reflect that in July 2025, Plaintiff attended a hearing in Wichita Municipal Court. *Id.*; (Doc. 1-1, p. 22.) Plaintiff contends that all of his motions were dismissed. (Doc. 5, p. 5.) At the trial, the prosecutor dismissed the charges without prejudice after the sole witness testified that she neither saw nor heard goats on Plaintiff's property. *Id.*; (Doc. 1-1, p. 22.)

Plaintiff names as Defendants in this matter the Wichita Police Department ("WPD"), the Wichita Municipal Court ("the Municipal Court"), the Sedgwick County Sheriff's Office ("SCSO"), and the Sedgwick County Jail ("SCJ"). (Doc. 1, p. 1-2.) Plaintiff brings his claims in this matter under Article 6, § 2 of the Constitution of the United States; the First, Fourth, Fifth, Eighth, and Ninth Amendments to the Constitution; 18 U.S.C. § 242; 42 U.S.C. §§ 1983, 1985, and 1986; K.S.A. 44-1039; K.S.A. 22-2302(b); and K.S.A. 22-2521. (Doc. 1, p. 4.) He claims that the WPD issued him a citation without probable cause and arrested him; the Municipal Court issued a warrant without probable cause and denied him due process; the SCSO arrested him without a lawful warrant; and the SCJ unlawfully detained him, unlawfully strip-searched him, and subjected him to cruel and unusual punishment. *Id.* As relief, Plaintiff seeks redress of his grievances; over $1,000,000.00 in actual and punitive damages[2]; and subpoenas to obtain relevant documents and videos to identify additional violations. *Id.* at 5.

In the petition, Plaintiff also requests counsel and moves for leave to proceed in forma pauperis. The motion for leave to proceed in forma pauperis, as noted above, will be granted. To properly request the appointment of counsel, Plaintiff must file a separate motion for appointment

---

[2] Specifically, Plaintiff seeks $10,000 for the emotional and psychological harm caused by "[p]olice harassment"; $50,000 in lost wages and $500,000 in punitive damages for harm to his reputation and future business, as well as emotional and psychological damage caused by his being arrested at a customer's home; $200,000 for damage to his reputation and the emotional damage to his wife and children during his arrest and detainment; and $500,000 to compensate him for the time he spent in jail, "strip searches, torture, held for bail, emotional psychological damages, damages to family relationship, loss of trust in [the] judicial system of Wichita and Sedgwick County, [and] Constitutional Violations. [*sic*]" (Doc. 1, p. 5.)

3

of counsel. Making such a request in the petition is insufficient. Forms for requesting appointment of counsel are available from the clerk's office at no cost to Plaintiff.

## II. Screening Standards

Because Plaintiff proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2). During this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

4

**III. Discussion**

    **a. Legal Basis for the Claims**

As noted above, Plaintiff cites constitutional provisions, federal statutes, and state statutes as the authority under which he brings the claims in this action. The Court will first determine whether Plaintiff has stated a plausible federal claim because the Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if those claims are valid, if Plaintiff's federal claims are dismissed. *See* 28 U.S.C. § 1367(c)(3); *See also Crease v. City of Olathe, Kan.*, 2013 WL 5314431, *8 (D. Kan. 2013) (unpublished) ("Because the Court has dismissed Plaintiff's federal claim over which it had original jurisdiction, it is authorized to decline supplemental jurisdiction over the remaining state law claim . . . .").

Plaintiff asserts in his complaint that the events underlying this action violated Article 6, § 2 of the Constitution and the First, Fourth, Fifth, Eighth, and Ninth Amendments to the Constitution. (Doc. 1, p. 4.) "Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024) (citation omitted). Rather, they generally are "invoked defensively in cases arising under other sources of law or asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *Id.* Thus, the Court must determine whether Plaintiff has identified a federal statute that provides a cause of action or right of action[3] for the alleged constitutional violations.

---

[3] "Cause of action" is defined as "a factual situation that entitles one person to obtain a remedy in court from another person." Black's Law Dictionary (12th ed. 2024). It is closely related to the term "right of action," which is defined as "[t]he right to bring a specific case to court," and the term "private right of action," which is defined as "[a]n individual's right to sue in a personal capacity to enforce a legal claim." *Id.* "Private right of action" and "private cause of action" are sometimes used interchangeably. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).

In the complaint, Plaintiff identifies the following federal statutes: 18 U.S.C. § 242 and 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* Because 18 U.S.C. § 242 is a criminal statute, it does not provide Plaintiff with a cause of action or a private right of action. *See Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ('[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.')[.]"). Thus, Plaintiff cannot state a plausible claim for relief based on the violation of 18 U.S.C. § 242.

In contrast, 42 U.S.C. §§ 1983, 1985, and 1986 do provide private rights of action. "Section 1983 allows an individual to sue a government actor in his [or her] individual capacity for violating [the individual's] constitutional rights and recover money damages from resulting injuries that the actor caused by his [or her] violation." *Cuervo v. Sorenson*, 112 F.4th 1307, 1313 (10th Cir. 2024). Section 1985 creates a private right of action for conspiracies to interfere with civil rights. *See* 42 U.S.C. § 1985. Section 1986 creates a private right of action for failing to prevent or aid in preventing wrongs covered by § 1985. *See* 42 U.S.C. § 1986.

Despite Plaintiff's citations to 42 U.S.C. §§ 1985 and 1986, he has failed to assert factual allegations that, if taken as true, support a plausible claim for relief under either of these statutes. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). Even liberally construing the pro se complaint before this Court, Plaintiff does not do so.  He does not identify any conspiracy, nor does he identify defendants who engaged in a conspiracy. Thus, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1985.

Similarly, Plaintiff does not allege facts that, if taken as true, support a plausible claim that any defendant had knowledge of a conspiracy to interfere with Plaintiff's civil rights and had the power to prevent or aid in preventing that interference, but neglected or refused to do so. *See* 42 U.S.C. § 1986. Thus, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1986. That leaves Plaintiff's claims under 42 U.S.C. § 1983 as the federal claims in this case. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

### b. Defendants

Plaintiff's 42 U.S.C. § 1983 claims are subject to dismissal from this matter because he has failed to name a Defendant that may be sued under § 1983. The WPD, as a police department of a city, "is not a separate suable entity." *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). Rather, it is a "subunit" of the city and, as such is not amenable to being sued. *See Whayne v. Kansas*, 980 F. Supp. 387, 391 (1997) ("As for the Topeka Police Department, it is only a subunit of city government and, therefore, is not a governmental entity subject to suit." (Citations omitted)); *Lipsey v. Wichita Police Dept.*, 2023 WL 2951560, *4 (D. Kan. April 14, 2023) (unpublished) ("Wichita Police Department is a subunit of the City of Wichita, and not a separate entity that is subject to suit.").

Similarly, the Municipal Court is a subunit of the City of Wichita and is not suable under § 1983. *See Washington v. City of Okla. City*, 2021 WL 796158, *2 (W.D. Okla. Mar. 2, 2021) (unpublished) (dismissing the Municipal Court of Oklahoma City as a defendant because although

it "may be a department operated by the City of Oklahoma City, . . . the Municipal Court is not a separate suable entity"). Thus, the Wichita Municipal Court is subject to dismissal from this action.

Plaintiff also names the Sedgwick County Sheriff's Office as a Defendant. To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). Even liberally construing the pro se complaint, Plaintiff has not identified a SCSO employee who committed a constitutional violation, nor has he identified a county policy or custom that was the moving force behind that constitutional violation. Thus, the SCSO is subject to dismissal from this matter.

Finally, Plaintiff also names the Sedgwick County Jail as a Defendant. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (neither state nor state agency is a "person" which can be sued under Section 1983); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Thus, the SCJ is subject to dismissal from this action.

Accordingly, because none of the Defendants named in this matter are amenable to suit under § 1983, Plaintiff has failed to state a plausible federal claim for relief. Plaintiff will be given time in which to file a complete and proper amended complaint that names a defendant who may be sued under § 1983. In the alternative, Plaintiff may identify another statute that provides a

8

federal cause of action and allege sufficient facts to support a claim against a suable Defendant. In the interest of efficiency, the Court will therefore identify additional deficiencies in the current complaint. Plaintiff must ensure that he cures these deficiencies in any amended complaint he chooses to file in this Court.

### c. Joinder

Federal Rule of Civil Procedure[4] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*,

---

[4] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all alleged constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

### d.  Insufficient Factual Allegations

Although the "Affidavit of Truth" provides additional background and detail to Plaintiff's claims in this matter, the factual allegations in the complaint itself are insufficient to support a plausible claim for relief. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Rule 8 of the Federal Rules of Civil Procedure[5] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose

---

[5] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including those lacking access to counsel).

of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

Even liberally construing the pro se complaint, the Court cannot determine the precise basis of the claims alleged therein. For example, although Plaintiff alleges unlawful strip searches and torture, it is not clear from the complaint what Plaintiff means by "torture" or where and when the strip searches occurred or how those searches violated the law. The Court acknowledges that some additional details are included in motions filed in this Court, but although the Court liberally construes pro se pleadings, it will not act as Plaintiff's advocate or search the record to construct Plaintiff's claims.

Plaintiff need not plead all of his evidence or fully argue his claims in the complaint, but he must provide enough information and make sufficient allegations to state a plausible claim for relief. When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished).

### e. Statute of Limitations

As noted above, the dates on which certain events alleged in the complaint occurred are unclear. It does appear, however, that at least some of Plaintiff's § 1983 claims in this matter are subject to dismissal as barred by the applicable statute of limitations.

"'No statute of limitations is expressly provided for civil rights claims brought under section 1983.'" *Keith v. Koerner*, 843 F.3d 833, 850 (10th Cir. 2016) (quoting *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984)). However, "[i]t is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 . . . claims." *Herrera-Zamora v. Crosby*, 769 F. Appx 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). The Tenth Circuit has long held that "'every section 1983 claim is in essence an action for injury to personal rights,'" so in § 1983 actions, it applies the relevant state's statute of limitations for personal injury actions. *See Keith*, 843 F.3d at 850 (quoting *Garcia*, 713 F.2d at 651). "In Kansas, that is the two-year statute of limitations in [K.S.A.] 60-513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

It appears from the complaint and other documents filed in this case that at least some of Plaintiff's claims arose in February and April 2023. Plaintiff filed his complaint on August 1, 2025. (Doc. 1.) It thus appears that any events or acts occurring in February or April 2023 took place more than two years prior to the filing of Plaintiff's complaint and § 1983 claims based on those events are time-barred. Moreover, Plaintiff has not alleged facts in the complaint that suggest he is entitled to statutory or equitable tolling.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations in the complaint that the action is barred by the statute of limitations. *Fogle*

*v. Pearson*, 435 F.3d 1252, 1258–59 (10th Cir. 2006), *cert. denied* 549 U.S. 1059 (2006); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). If Plaintiff chooses to file an amended complaint in this case, he should ensure that the claims in that amended complaint are not barred by the statute of limitations.

## IV. Conclusion

In this complaint, Plaintiff alleges both federal and state claims. If Plaintiff's federal claims are dismissed, however, the Court may decline to exercise jurisdiction over the state claims. Federal criminal statutes like 18 U.S.C. § 242, which Plaintiff identifies as a legal basis for his claims in this matter is a criminal statute, so it does not provide Plaintiff with a private right of action. Although 42 U.S.C. §§ 1983, 1985, and 1986 do provide private rights of action, Plaintiff has failed to allege facts that could show a plausible claim for relief under either § 1985 or § 1986. And none of the Defendants Plaintiff has named in this action may be sued under § 1983. Thus, this matter is subject to dismissal.

The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified in this order. The amended complaint must clearly identify the claims and causes of action therein, contain sufficient factual allegations to allow the Court and any opposing parties to understand the factual basis for the claims, name a defendant amenable to suit, only contain properly joined claims and parties, and bring only claims that are not barred by the applicable statute of limitations.

In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims, allegations, or defendants

13

not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (25-3150) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. For each claim in the amended complaint, he must adequately identify the constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the complaint if necessary, but he should not utilize the complaint only to refer the Court generally to an attached memorandum, nor should he expect the Court to glean additional factual allegations from other documents filed in this case.

## V. Motion for Redress of Grievances (Doc. 6)

Also before the Court is Plaintiff's Motion for Redress of Grievances. (Doc. 6.) In this motion, Plaintiff provides additional information regarding his claims in this matter and he asks the Court to grant the relief sought in the complaint in order to redress his grievances. *Id.* at 1-4. As stated above, Plaintiff should include the relevant factual allegations in his amended complaint. Because this motion appears to seek only the relief already sought in the complaint, it will be denied as premature.

## VI. Motion to Subpoena All Relevant Arrest Records and Files Associated with 23EV000223 (Doc. 8)

Also before the Court is Plaintiff's motion to subpoena records and files associated with

case number 23EV000223. (Doc. 8.) Plaintiff asks this Court to subpoena the relevant records and files "because it provides proof of what he had to endure as a result of an unconstitutional act by the" Defendants named in this matter. *Id.* at 1. Like the previously discussed motion, this motion contains factual allegations that were not included in the complaint. If the factual allegations provide the basis for a claim in this matter and are necessary to state a plausible claim for relief, Plaintiff should include them in his amended complaint. The Court will not search the record to construct Plaintiff's claims on his behalf.

This action currently is in the preliminary screening stage, during which the Court liberally construes pro se pleadings, accepts all well-pleaded allegations in the complaint as true, and construes them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Discovery in this case has not yet commenced. *See* Fed. R. Civ. P. 26(d). Thus, the motion will be denied without prejudice as premature.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for leave to proceed in forma pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that the motion for redress of grievances (**Doc. 6**) and the "Motion to Subpoena All Relevant Arrest Records and Files Associated with 23EV000223" (**Doc. 8**) are **denied as premature.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 10, 2025,** in which to submit a complete and proper amended complaint that cures the deficiencies identified in this order. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required screening and issue further orders as necessary. If Plaintiff fails to timely file an amended

complaint, this matter will proceed on the current complaint and will be dismissed for failure to state a claim for the reasons set forth in this order.

**IT IS SO ORDERED**.

**Dated August 11, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**