IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN L. WOOD,

    **Plaintiff,**

    v.                                         CASE NO. 25-3150-JWL

WICHITA POLICE DEPARTMENT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter comes now before the Court on Plaintiff Justin L. Wood's amended complaint (Doc. 13), filed October 14, 2025. The Court has conducted the statutorily required review of the amended complaint and Plaintiff will be granted time in which to file either a written response to this order or a complete and proper second amended complaint that cures the deficiencies identified below.

### I. Background

According to documents Plaintiff filed with his initial complaint, this case arose from his interactions with City of Wichita officials regarding some goats Plaintiff purchased in 2022 and kept at his home. (Doc. 5, p. 1.) Highly summarized, officials insisted that Plaintiff was required to purchase a license and obtain a permit to keep the goats, while Plaintiff believed that he was not legally required to do so. *Id.* at 1-3. Plaintiff went to trial in July 2025 on a goat-related citation, but the case was dismissed after the officer who wrote the citation testified that she had neither seen nor heard goats on the property. (Doc. 1-1, p. 22; Doc. 5, p. 5.)

Plaintiff filed his initial complaint and began this case on August 1, 2025. (Doc. 1.) This Court granted him leave to proceed in forma pauperis and conducted the statutorily required

screening of the complaint. (Doc. 9.) On August 11, 2025, the Court issued a memorandum and order (M&O) identifying deficiencies in the complaint that left it subject to dismissal in its entirety. *Id.* The M&O explained that the legal basis for Plaintiff's claims was unclear and the complaint failed to name a Defendant that may be sued under 42 U.S.C. § 1983 and it appeared to violate the Federal Rules of Civil Procedure that govern joining multiple claims and parties in a single action. *Id.* at 5-10. The M&O also found that the complaint failed to contain sufficient factual allegations to support a plausible claim for relief and that at least some of the claims Plaintiff asserted were barred by the statute of limitation. *Id.* at 10-13.

The deficiencies identified in the M&O left the complaint subject to dismissal in its entirety. Therefore, the Court granted Plaintiff time in which to file an amended complaint that cures those deficiencies. *Id.* at 15. Plaintiff timely filed the amended complaint, which is now before the Court for the statutorily required screening. (Doc. 13.)

## II. Nature of the Matter before the Court

The amended complaint names as Defendants Wichita Animal Maintenance Officer Caralee Miller and Wichita City Prosecutor Stephen P. Young. (Doc. 13, p. 1-2.) As the background of this case, Plaintiff alleges in the amended complaint that Defendant Miller came to his home on April 1, 2025, talked with him for a bit, then issued him a citation related to his allegedly owning goats. *Id.* at 2. Around April 20, 2025—before the scheduled court date for the citation—Plaintiff was arrested "for the charge." *Id.* He was taken to jail and held for 4 days until his bail was paid. *Id.* At the ensuing trial on the citation, Defendant Miller admitted that she had not seen or heard any goats at his home. *Id.* The charges against Plaintiff were dismissed. *Id.*

In Count I of this matter, Plaintiff asserts the violation of his Fourth Amendment right to be free from unreasonable searches and seizures. *Id.* at 3. As supporting facts for Count I, Plaintiff

alleges that, without having any evidence to support doing so, Defendant Miller issued a citation that stated under penalty of perjury that Plaintiff had broken the law. *Id.* Plaintiff further alleges that the citation "caused [him] to be arrested, jailed, and held for bail." *Id.* In Count II of this matter, Plaintiff asserts that life, liberty, and property were taken from him. *Id.* As supporting facts for Count II, Plaintiff alleges that he "was arrested, and held for bail." *Id.* As relief in this matter, Plaintiff seeks a remedy for his incarceration and "costs to represent." *Id.* at 5.

### III. Screening Standards

Because Plaintiff proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2). During this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the

allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## IV. Discussion

### A. Defendant Young

Defendant Young is subject to dismissal from this matter for two reasons. First, even liberally construing the amended complaint and taking all facts alleged therein as true, Plaintiff has failed to state any facts related to Defendant Young. The only mentions of Defendant Young are the portion of the amended complaint identifying him as a Defendant and that he refused to dismiss the case when Plaintiff asked him to do so. (Doc. 13, p. 1-5.) An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). Plaintiff has not done so with respect to Defendant Young.

Second, Defendant Young is a prosecutor for the City of Wichita. (Doc. 13, p. 2.) To the extent that Plaintiff seeks to sue Defendant Young because he refused to dismiss the case against Plaintiff when first asked to do so, Defendant Young is immune to such claims. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *see*

*also Rodgers v. Torrez*, 2025 WL 1904542, *2-3 (10th Cir. July 10, 2025) (unpublished) (discussing rationale behind and application of prosecutorial immunity in suits under § 1983). Thus, to the extent that Plaintiff intended to seek relief from Defendant Young for actions Defendant Young took in prosecuting the criminal case against Plaintiff, Defendant Young is immune from liability. For these reasons, Defendant Young is subject to dismissal from this action.

**B. Nature of the Claim**

To his credit, Plaintiff has significantly narrowed the claims in the amended complaint and he states them with much greater clarity than in the initial complaint. The Court appreciates the effort Plaintiff has taken to clarify the nature of his claims in this matter. Because the Court cannot advocate for Plaintiff, however, some additional clarity is required. Both Count I and Count II of the amended complaint appear intended to rest on the constitutional rights guaranteed by the Fourth Amendment. As the Tenth Circuit has explained:

> "Our first task in any § 1983 suit alleging a constitutional violation is 'to isolate the precise constitutional violation with which [the defendant] is charged.'" *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (alteration in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L.Ed.2d 433 (1979)). After all, "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Baker*, 443 U.S. at 144 n.3, 99 S. Ct. 2689). As a result, not all "claims brought under § 1983 are governed by a single generic standard." *Graham*, 490 U.S. at 393, 109 S. Ct. 1865. Instead, we must judge the "validity of the claim ... by reference to the specific constitutional standard which governs that right." *Id.* at 394, 109 S. Ct. 1865.

*Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished) (some internal citations omitted).

Liberally construed, Count I appears to be a Fourth Amendment claim of malicious prosecution based on Defendant Miller's issuing Plaintiff a citation. (Doc. 13, p. 3.) To state a plausible claim of malicious prosecution in violation of the Fourth Amendment, Plaintiff must

allege facts that, if taken as true, show: "'(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (citation omitted). If a defendant "'causes the prosecution without arguable probable cause,'" the required malice may be inferred. *Mglej v. Gardner*, 974 F.3d 1151, 1171 (10th Cir. 2020) (citation omitted).

In Count II, however, the federal right Plaintiff believes was violated is less clear. Plaintiff states only that life, liberty, and property was taken from him when he was arrested and held for bail. (Doc. 13, p. 3.) Even liberally construed, the Court cannot determine what federal right Plaintiff asserts was violated. Moreover, Plaintiff has not asserted facts in support of Count II that explain how a named Defendant personally participated in the violation. Thus, Count II is subject to dismissal for failure to state a claim on which relief can be granted. As explained in the M&O:

> "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). . . . Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).
>
> Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

---

[1] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including those lacking access to counsel).

(Doc. 9, p. 10-11.)

As pled in the amended complaint, Count II does not comply with Rule 8 and it fails to state a plausible claim for relief. Plaintiff has not sufficiently identified the federal right he believes was violated, he has not adequately identified a named Defendant who violated the right, and he has not alleged sufficient facts to show the right was violated by that Defendant.

## V. Conclusion

After screening the amended complaint, the Court finds as follows. Defendant Young is subject to dismissal because Plaintiff has failed to state a plausible claim for relief against him. Count II of the amended complaint is subject to dismissal because it does not state a plausible claim for relief against a named Defendant. Plaintiff therefore has three options.

First, Plaintiff may file a written response to this order stating that he wishes to voluntarily dismiss Defendant Young from this matter and he wishes to voluntarily dismiss Count II of this matter. If Plaintiff files a written response to this order that so states, the Court will dismiss Defendant Young and Count II and the case will proceed on Count I and against Defendant Miller only.

Second, Plaintiff may file a written response to this order showing good cause why Defendant Young should not be dismissed from this matter and/or why Count II is not subject to dismissal. If Plaintiff chooses this option, the Court will review his written response and issue further orders as necessary. Plaintiff is cautioned that if his written response does not show good cause, Defendant Young and/or Count II may be dismissed without further prior notice to Plaintiff.

Third, if Plaintiff wishes to further amend his complaint to clarify the legal basis for Count II, add factual allegations to support Count II, and/or add factual allegations to support a plausible claim against Defendant Young, he may file a complete and proper second amended complaint.

The Court will direct the clerk to provide Plaintiff with the required form for filing a second amended complaint in case Plaintiff chooses to do so. Plaintiff is advised that if he files a second amended complaint, the Court will conduct the statutorily required screening of the second amended complaint and issue further orders as necessary.

If Plaintiff chooses to file a second amended complaint, it will not simply supplement the original complaint or the amended complaint. Rather, a second amended complaint will completely replace both previously filed pleadings. Therefore, if Plaintiff files a second amended complaint, any claims, factual allegations, or defendants not included in the second amended complaint will no longer be included in this matter and will not be considered by the Court while screening the second amended complaint. Plaintiff may not simply refer to an earlier pleading in the second amended complaint. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint and the amended complaint.

Plaintiff must name each defendant in the caption of the second amended complaint and again refer to each defendant in the body of the second amended complaint. For each claim in the second amended complaint, he must adequately identify the constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the violations alleged in the second amended complaint. He must include dates, locations, and circumstances of each violation. Plaintiff may attach additional pages to the second amended complaint if necessary, but he should not utilize the second amended complaint only to refer the Court generally to an attached memorandum, nor should he expect the Court to gather additional factual allegations from other documents filed in this case.

If Plaintiff fails to timely file either a written response to this order or a second amended

complaint, the Court will dismiss Defendant Young from this case, dismiss Count II of the amended complaint, and order that this case proceed to service on Defendant Miller alone.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including **December 1, 2025,** in which to comply with this order by submitting either a written response addressing the deficiencies identified in this order or a complete and proper second amended complaint that cures the deficiencies identified in this order. The clerk is directed to provide Plaintiff with the form for filing a second amended complaint in this matter.

**IT IS SO ORDERED**.

**Dated October 28, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**